JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Alvin Harrison

**DEFENDANTS**
Lockheed Martin Corporation

**(b)** County of Residence of First Listed Plaintiff   Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Burlington
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"), N.J.S.A. 10:5-1, et seq. ("NJLAD"), 42 U.S.C. §2000(e), et seq. ("Title VII"), 42 U.S.C. §1981 ("Section 1981").

Brief description of cause:
Plaintiff brings this action against Defendant for unlawful discrimination in connection with his age and race.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000.00  CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE   9/21/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
**ALVIN HARRISON**                      :
**Williamstown, NJ 08094**              :
                                        :
                     **Plaintiff,**     :
                                        :    **CIVIL ACTION NO.**
          **v.**                        :
                                        :
**LOCKHEED MARTIN**                     :
**CORPORATION**                         :
**199 Borton Landing Road**             :
**Moorestown, NJ 08057**                :
                                        :    **JURY TRIAL DEMANDED**
                     **Defendant.**     :
_____       :

## COMPLAINT

### I.    PRELIMINARY STATEMENT

Plaintiff, Alvin Harrison, brings this employment discrimination and retaliation action against his former employer, Lockheed Martin Corporation ("Defendant" or "Lockheed Martin"). An employee of Lockheed Martin for over thirty (30) years, Plaintiff was terminated in 2016 at age fifty-eight (58) as part of Defendant's corporate scheme to discriminatorily lower the age of its workforce through a sham reduction-in-force. While Plaintiff – an African-American – was terminated, Defendant retained numerous non-African-American employees who had less seniority than Plaintiff and who were poor performers compared to Plaintiff. After Plaintiff complained that he had been discriminated against, Lockheed Martin retaliated against Plaintiff by failing to hire him for numerous positions for which he was qualified.

Plaintiff was discriminated against because of his age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq*. ("ADEA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq*. ("NJLAD"), and because of his

race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq.* ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), and the NJLAD.  Plaintiff was also retaliated against for engaging in protected activity by complaining about discriminatory treatment in violation of the above statutes.  Plaintiff seeks damages, including economic, compensatory, liquidated, and punitive damages and all other relief this Court deems appropriate.

## II.  **PARTIES**

1.      Plaintiff, Alvin Harrison, is an individual and a citizen of the State of New Jersey. He resides in Williamstown, NJ.

2.      Plaintiff was fifty-eight (58) years old at the time of his termination in 2016 and is currently fifty-nine (59) years old.

3.      Plaintiff is African-American.

4.      Defendant Lockheed Martin is a Maryland corporation, headquartered in Bethesda, MD.

5.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the State of New Jersey.

6.      At all times material hereto, Defendant employed more than twenty (20) employees.

7.      At all times material hereto, Defendant acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.      At all times material hereto, Defendant acted as an employer within the meanings of the statutes which form the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Defendant or an employment applicant within the meanings of the statutes which form the basis of this matter.

## III.    <u>JURISDICTION AND VENUE</u>

10.     The causes of action which form the basis of this matter arise under the ADEA, Title VII, Section 1981, and the NJLAD.

11.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

12.     The District Court has jurisdiction over Count II (Title VII) pursuant to 28 U.S.C. §1331.

13.     The District Court has jurisdiction over Count III (Section 1981) pursuant to 28 U.S.C. §1331.

14.     The District Court has supplemental jurisdiction over Count IV (NJLAD) pursuant to 28 U.S.C. §1367.

15.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

16.     On or about October 20, 2016, Plaintiff filed a Charge of Discrimination with the EEOC, complaining of acts of discrimination alleged herein.  Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the EEOC Charge of Discrimination.

17.     On or about April 8, 2017, Plaintiff filed a Second Charge of Discrimination with the EEOC, complaining of acts of retaliation alleged herein.  Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of the Second EEOC Charge of Discrimination.

18.     On or about June 27, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue on his Charge of Discrimination.  Attached hereto, incorporated herein and marked as Exhibit 3

is a true and correct copy of the EEOC notice.

19.     More than sixty (60) days have elapsed since Plaintiff filed the Second EEOC Charge of Discrimination.

20.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

21.     On or about November 25, 1985[1], Plaintiff commenced employment with Defendant's predecessor company as an Operations Microcircuit Specialist.

22.     Defendant promoted Plaintiff to Operations Supervisor in or around March 1987.

23.     While employed by Defendant, Plaintiff obtained his Bachelor's degree in Information Technology in 2001 and obtained a Master's degree in Computer Information Systems in 2005.

24.     At the time of his termination, Plaintiff reported directly to Ronald Campolungo (Caucasian/58[2]), Operations Manager.

25.     As an Operations Supervisor, Plaintiff was responsible for overseeing two work centers and approximately 15-25 direct reports.

26.     Plaintiff's work centers were responsible for producing proprietary circuit technology as part of a large scale project for Defendant.

27.     At all times, Plaintiff performed the duties of his job in a highly competent and efficient manner.

28.     One month prior to his termination, Plaintiff's work center that he supervised was recognized by Defendant as the most efficient work station for his assigned project and was the

_____

[1] Dates contained herein are approximates.
[2] Ages contained herein are approximates.

only work center to meet Defendant's productivity goal for the quarter.

29.     In or around April 2016, Defendant announced that it would be facilitating layoffs at Plaintiff's work location in New Jersey.

30.     In connection with these upcoming layoffs, Defendant announced a Voluntary Layoff Program which encouraged certain employees to voluntarily retire in exchange for additional severance.

31.     The Voluntary Layoff Program was specifically targeted at older workers of Defendant.

32.     On or about July 12, 2016, Mr. Campolungo called Plaintiff into a business meeting.

33.     Also present at this meeting was Elizabeth Keswick (Caucasian/20s), a Human Resources representative of Defendant who works with union personnel.  Plaintiff was not a member of a union at Defendant.

34.     During this meeting, Ms. Keswick informed Plaintiff that he was being terminated as part of a Reduction in Force ("RIF").

35.     Plaintiff asked Ms. Keswick what criteria were used to select Plaintiff for termination, but she did not respond.

36.     Mr. Campolungo stated "performance" as the criteria and provided no further explanation.

37.     At the time of his termination, Plaintiff's performance exceeded the other Operations Supervisors working for Defendant.  By way of example, the work station supervised by Plaintiff had been recognized by Defendant as the most efficient and productive station for the quarter.

38.     A team picture was scheduled for the day after Plaintiff's termination to recognize their achievement; since he was terminated, Plaintiff was excluded from this picture.

39.     Upon information and belief, Defendant did not utilize any objective measurements in determining which employees to terminate as part of the RIF.

40.     There were no processes or procedures in place to prevent discrimination in connection with the RIF.

41.     Defendant's conduct and demographics evidence a bias against older employees. Evidence of this includes, but not is not limited to, the following:

a.  Defendant categorized Operations Supervisors as Multi-Functional Manufacturing Supervisors; Plaintiff was one of the oldest supervisors of the 18 Multi-Functional Manufacturing Supervisors.

b.  In addition to Plaintiff, one other Multi-Functional Manufacturing Supervisor was terminated, and this person was 64 years old.  This individual was the oldest Multi-Functional Manufacturing Supervisor.

c.  Employees who were substantially younger and less qualified than Plaintiff were retained as Multi-Functional Manufacturing Supervisors.  In particular, four Multi-Functional Manufacturing Supervisors were retained who were under the age of 30.

d.  In February 2016 and May 2016, Defendant hired two new Operations Supervisors/Multi-Functional Manufacturing Supervisors who were substantially younger and less qualified than Plaintiff.  None of these new hires were selected for termination.

e.  Defendant has an Operations Leadership Development Program ("OLDP") that

Defendant markets to "high-potential" individuals that typically excluded older workers.

f.  At the time of his termination, there were three positions open in the OLDP and Plaintiff was not considered for any position in the program.

42.  Defendant's conduct and demographics evidence a bias against African American employees.  Evidence of this includes, but is not limited to, the following:

a.  Defendant's senior management team is primarily Caucasian including Plaintiff's Supervisor (Mr. Campolungo), his supervisor (Laurie Kruitoff, Senior Operations Manager), and Dale Bennett (Executive Vice President for Rotary and Mission Systems).

b.  Plaintiff was the only African American Operations Supervisor for approximately fifteen years.  Respondent did not hire a second African American Operations Supervisor until 2015, and the third African American Operations Supervisor was not hired until approximately six months prior to Plaintiff's termination.

c.  At the time of his termination, 15 out of the 18 Operations Supervisors were Caucasian.

d.  In May 2016, Defendant hired a new Caucasian Operations Manager.  This new hire was not selected for termination despite being less qualified than Plaintiff for the position.

e.  Plaintiff's supervisor, Mr. Campolungo, consistently micro-managed Plaintiff and criticized him on minor items.   Plaintiff did not observe Mr. Campolungo criticizing or micro-managing the Caucasian Operations Supervisors in a similar manner despite the fact that some of these Caucasian comparators did not perform

as well as Plaintiff.

43.     Defendant's stated reason that Plaintiff's termination resulted from a RIF and that the decision as performance-based is false and pretextual.

44.     In Plaintiff's over thirty-year career with Defendant, Plaintiff consistently met his performance targets and received positive feedback.  At no point did Plaintiff receive any form of progressive discipline suggesting that his performance was deficient.

45.     Defendant did not disclose any objective criteria used to select Plaintiff for termination, and Plaintiff's position was not eliminated as part of the RIF.

46.     By way of example, at the time of his termination, there was an opening for Operations Supervisor, but Plaintiff was not considered for or offered that position.

47.     After Plaintiff's termination, Defendant posted a job opening for an Operations Supervisor, but Plaintiff was not considered for or offered that position.

48.     Upon information and belief, in January 2017, Defendant hired three new supervisors and promoted one existing supervisor to manager.  Each of these four employees that Defendant hired or promoted are Caucasian and most, if not all, are younger than Plaintiff.

49.     Shortly after Plaintiff's termination, Plaintiff applied for five other positions, for which he was qualified, with Defendant.  No one at Defendant ever responded to Plaintiff regarding the same and why he was not selected, or even interviewed, for any position.

50.     After Plaintiff filed his Charge of Discrimination with the EEOC on or about October 20, 2016, he continued to apply for positions internally at Defendant for which he was qualified.

51.     Plaintiff was did not receive an interview for any of the positions.

52.     By way of example, during the last week of October 2016, Plaintiff applied for a

posted Associate Member Engineering Staff/Systems Administrator position at Defendant.

53.   He was qualified for the position based on his skills and experience, but Defendant failed to hire him for the job.

54.   Likewise, on or about March 16, 2017, Plaintiff applied for a posted Manufacturing Methods Engineer position at Defendant.

55.   He was qualified for the position based on his skills and experience, but Defendant failed to hire him for the job.

56.   Finally, in or around August 2017, Plaintiff applied for a posted Test Methods Engineer position at Defendant that was substantially similar to the position that Plaintiff held at Defendant for approximately thirty years.

57.   He was qualified for the position based on his skills and experience, but Defendant failed to hire him for the job.

58.   Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the termination of Plaintiff and the failure to hire Plaintiff for positions for which he was qualified.

59.   Plaintiff's race was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, including the termination of Plaintiff and the failure to hire Plaintiff for positions for which he was qualified.

60.   Plaintiff's complaining of discrimination was a motivating and/or determinative factor in Defendant's retaliatory treatment of Plaintiff, including Defendant's failure to hire Plaintiff for positions for which he was qualified.

61.   The retaliatory actions taken against Plaintiff after he complained of discriminatory conduct would have discouraged a reasonable employee from complaining of

discrimination.

62.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

63.     The conduct of Defendant, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Defendant.

64.     The conduct of Defendant, as set forth above, was willful and intentional.

## COUNT I (ADEA)

65.     Plaintiff incorporates herein by reference paragraphs 1 through 64 above, as if set forth herein in their entirety.

66.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADEA.

67.     Said violations were willful and warrant the imposition of liquidated damages.

68.     As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

69.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

70.     No previous application has been made for the relief requested herein.

## COUNT II (TITLE VII)

71.     Plaintiff incorporates herein by reference paragraphs 1 through 70 above, as if set forth herein in their entirety.

72.     Plaintiff's race and complaints of race-based discriminatory treatment was a motivating and/or determinative factor in connection with Defendant's treatment of him.

73.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

74.     Said violations were willful and warrant the imposition of punitive damages.

75.     As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

76.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

77.     No previous application has been made for the relief requested herein.

## COUNT III (SECTION 1981)

78.     Plaintiff incorporates herein by reference paragraphs 1 through 77 above, as if set forth herein in their entirety.

79.     Plaintiff's race and complaints of race-based discriminatory treatment was a motivating and/or determinative factor in connection with Defendant's treatment of him.

80.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

81.     Said violations were willful and warrant the imposition of punitive damages.

82.     As a direct and proximate result of Defendant's violations of Title VII, Plaintiff

has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

83.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT IV (NJLAD)

84.      Plaintiff incorporates herein by reference paragraphs 1 through 83 above, as if set forth herein in their entirety.

85.     Defendant, by the foregoing acts of discrimination and retaliation, has violated the NJLAD.

86.     Said violations were intentional and willful and warrant the imposition of punitive damages.

87.     There was participation by upper management of Defendant in connection with the discrimination and retaliation to which Plaintiff was subjected.

88.     As a direct and proximate result of Defendant violations of the NJLAD, Plaintiff has sustained the injuries, damages and losses set forth herein.

89.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

90.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Alvin Harrison, and against Defendant Lockheed Martin Corporation.  Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and

specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(b)     declaring the acts and practices complained of herein to be in violation of Title VII;

(c)     declaring the acts and practices complained of herein to be in violation of Section 1981;

(d)     declaring the acts and practices complained of herein to be in violation of the NJLAD;

(e)     enjoining and permanently restraining the violations alleged herein;

(f)     entering judgment against Defendant in favor of Plaintiff in an amount to be determined;

(g)     awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and unlawful misconduct;

(h)     awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(i)     awarding liquidated damages to Plaintiff under the ADEA;

(j)     awarding punitive damages to Plaintiff under Title VII, Section 1981, and the NJLAD;

(k)     awarding Plaintiff such other damages as are appropriate under the ADEA, Title

VII, Section 1981, and the NJLAD;

(l)    awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(m)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: September 21, 2017         By:

Stephen G. Console
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
console@consolelaw.com
856-854-4000
856-854-4006 (fax)
Attorneys for Plaintiff,
Alvin Harrison

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br><br>X EEOC | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>**Alvin Harrison** | TELEPHONE NUMBER (Include Area Code)<br>**856-582-8760** | |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>**Williamstown   NJ 080904** | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OR LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Lockheed Martin Corporation** | NUMBER OF EMPLOYEES, MEMBERS<br>**>1000** | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS<br>**199 Borton Landing Road** | CITY, STATE AND ZIP<br>**Moorestown, NJ 08057** | COUNTY<br>**Burlington** |

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>X Race ☐ Color ☐ Sex   ☐ Religion   ☐ National Origin<br>☐ Retaliation   X Age   ☐ Disability   ☐ Other | DATE DISCRIMINATION TOOK PLACE<br>7/12/2016 |
|---|---|

**THE PARTICULARS ARE:**

A.

    1.   **Relevant Work History**

        I was hired by Respondent on or around November 25, 1985[1] as an Operations Microcircuit Specialist. I was promoted to Operations Supervisor in or around March 1987. At the time of my termination, I reported directly to Ronald Campolungo (Caucasian/58)[2], Operations Manager "Campolungo").

        As an Operations Supervisor, I was responsible for overseeing two work centers and approximately 15-25 direct reports. My work centers were responsible for producing proprietary circuit technology as part of a large scale project for Respondent. At all times, I performed the duties of my job in a highly competent and efficient manner. One month prior to my termination, the work center I supervised was recognized by Respondent as the most efficient work station for my assigned project and was the only work center to meet Respondent's productivity goal for the quarter.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| Date;<br>10/20/2016   Charging Party (Signature)<br>*Alvin O. Harrison* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

[1] All dates set forth herein are approximate.
[2] All ages set forth herein are approximate.

**Alvin Harrison v. Lockheed Martin**
**EEOC Charge of Discrimination**

Page 2 of 4

## 2. Harm Summary

I believe that Respondent has discriminated against me because of my age and race. Evidence of discriminatory conduct includes, but is not limited to, the following:

a) I am a 59-year old, African American male. I was 58 years old at the time Respondent terminated my employment.

b) On or about July 12, 2016, Campolungo called me into a business meeting. *Elizabeth Keswick (Caucasian/20s)*, an IUE Union[3] HR Representative ("Keswick"), was present. During this meeting, Keswick told me that I was being terminated as part of a "reduction in force." I asked Keswick what criteria were used to select me for termination. Keswick did not respond. Campolungo stated, "my performance" and provided no further explanation.

c) At the time of my termination, my performance far exceeded the other Operations Supervisors working for Respondent. The work station I supervised had been recognized by Respondent as the most efficient and productive station for the quarter. A team picture was scheduled for the day after my termination to recognize our achievement. Since I was terminated, I was excluded from this picture.

d) Respondent never informed me of the criteria that they used to determine which employees would be terminated and which would be retained.

e) At the time of my termination, there was an opening for Operations Supervisor and I was not considered for or offered that position. After my termination, Respondent posted a subsequent job opening for an Operations Supervisor position.

f) Respondent's conduct and demographics evidence a bias against older employees. Evidence of this includes, but is not limited to, the following:

1) Respondent categorized Operations Supervisors as Multi-Functional Manufacturing Supervisors.

2) Respondent employed 18 Multi-Functional Manufacturing Supervisors at the time of my termination. I was one of the oldest supervisors.

3) In addition to myself, one other Multi-Functional Manufacturing Supervisor was terminated and this person was 64.

---

[3] International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers

**Alvin Harrison v. Lockheed Martin**
**EEOC Charge of Discrimination**

Page 3 of 4

4) Employees who were substantially younger and less qualified were retained as Multi-Functional Manufacturing Supervisors. In particular, four Multi-Functional Manufacturing Supervisors were retained who were under the age of 30.

5) In February 2016 and May 2016, Respondent hired two new Operations Supervisors/ Multi-Functional Manufacturing Supervisors who were substantially younger than me and less qualified. None of these new hires were selected for termination.

6) Respondent has an Operations Leadership Development Program ("OLDP") that Respondent markets to "enthusiastic, high-potential early-career individuals." I understood this program to exclude older individuals like myself from leadership opportunities.

7) At the time of my termination, there were three positions open in the OLDP and I was not considered for any position.

8) To the best of my knowledge, at least one Operations Supervisor/ Multi-Functional Manufacturing was hired for the position after their participation in the OLDP. This individual was under the age of 30, not selected for termination and has since been promoted.

g) Respondent's conduct and demographics evidence a bias against African American employees. Evidence of this includes, but is not limited to, the following:

1) The Respondent's senior management team is primarily Caucasian including my supervisor, Campolungo; Campolungo's supervisor, Laurie Kruthof, Senior Operations Manager; and Dale Bennet, Executive Vice President for Rotary and Mission Systems.

2) I was the only African American Operations Supervisor for approximately fifteen years. Respondent did not hire a second African American Operations Supervisor until 2015, and the third African American Operations Supervisor was not hired until approximately six months prior to my termination.

3) At the time of my termination, 15 out of the 18 Operations Supervisors were Caucasian.

**Alvin Harrison v. Lockheed Martin**
**EEOC Charge of Discrimination**

Page 4 of 4

4) My supervisor, Campolungo consistently micromanaged me and criticized me on minor and/or irrelevant items. I did not observe Campolungo criticizing or micromanaging the Caucasian Operations Supervisors in a similar manner despite the fact that my Caucasian comparators did not perform as well as me and were less qualified than me. I believe Campolungo treated me differently because of my race.

5) In May of 2016, Respondent hired a new Caucasian Operations Manager. This new hire was not selected for termination despite being for less qualified than myself for the position.

h) After my termination, I applied for four other positions, for which I was qualified, with Respondent. No one at Respondent ever got back to me regarding the same and I was not selected, or even interviewed, for any position.

**B. Respondent's Stated Reason**

1. Respondent's claim that my termination resulted from a reduction-in-force is false and pretextual. Respondent has disclosed no criteria used to select me for termination. Respondent had an opening for my position at the time I was terminated. Respondent has posted a job opening for my position after I was terminated.

2. Respondent's claim that my termination was due to my performance is false and pretextual. In my more than thirty-year career with Respondent, I consistently met my performance targets and received positive feedback. I did not receive any form of progressive discipline suggesting that my performance was deficient.

3. Respondent has not offered a legitimate, non-discriminatory reason for failing to hire me, or transfer me, into positions for which I was qualified after my termination.

**4. Statutes and Basis for Allegations**

Respondent discriminated against me on the basis of my race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq., ("Title VII"); 42 U.S.C. § 1981; and, the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, et seq. ("NJLAD"); and unlawfully discriminated against me on the basis of my age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 261 et seq. ("ADEA") and the NJLAD.

# EXHIBIT 2

| SECOND CHARGE OF DISCRIMINATION | AGENCY<br>Q  FEPA<br>X  EEOC | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | |

| STATE OR LOCAL AGENCY: | |
|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Alvin O. Harrison, Sr. | HOME TELEPHONE NUMBER *(Include Area Code)*<br>(856) 582-8760 |
|---|---|

| STREET ADDRESS ▓▓▓▓ | CITY, STATE AND ZIP<br>Williamstown, NJ 08094 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below):

| NAME<br>Lockheed Martin Corporation | NUMBER OF EMPLOYEES, MEMBERS<br>>20 | TELEPHONE *(Include Area Code)*<br>(856) 722-3336 |
|---|---|---|

| STREET ADDRESS<br>199 Borton Landing Road | CITY, STATE AND ZIP<br>Moorestown, NJ 08057 | COUNTY<br>Burlington |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>X Race   Q Color   Q Sex   Q Religion   Q National Origin<br>    X Retaliation   X Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  03/20/2017 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent on or around November 25, 1985 as Operations Microcircuit Specialist. I was promoted to Operations Supervisor in or around March 1987. At the time of my termination on July 12, 2016, I reported to Ronald Campolungo (Caucasian, age 58[a]).

Respondent has discriminated against me because of my age and race, and has retaliated against me because I filed a Charge of Discrimination with the EEOC on October 21, 2016. Respondent has failed to hire me for any of the open positions for which I applied and was qualified.

In my position as Operations Supervisor at Respondent, I was responsible for overseeing two (2) work centers and approximately fifteen (15) to twenty-five (25) direct reports. The work centers I supervised were responsible for producing proprietary circuit technology as part of a large scale project for Respondent. At all times, I performed my job duties in a highly competent and efficient manner. One (1) month before I was terminated, Respondent recognized a work center I supervised as the most efficient work station for the assigned project and as the only work center to meet Respondent's productivity goal for the quarter.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 4-8-2017   Charging Party *(Signature):*<br><br>*Alvin O. Harrison* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

---

[a] All ages herein are approximations.

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party – *AH*

2.    Harm Summary

I have been discriminated against because of my age (59) and race (African American), and retaliated against because of my complaints about age and race discriminatory conduct. Evidence of the discriminatory and retaliatory conduct to which I have been subjected, in addition to that set forth in my previous Charge, includes, but is not limited to, the following:

(a)   Since filing my first Charge, I have applied for two (2) open positions at Respondent for which I was qualified.  I was denied both positions, and did not receive an interview for either of the positions.

(b)   During the last week of October 2016, I applied for a posted Associate Member Engineering Staff/Systems Administrator position at Respondent.  I was qualified for the position, based on my skills and experience.

(c)   On November 3, 2016, I was informed via email that Respondent was "considering other candidates for [the Associate Member Engineering Staff/Systems Administrator] opening."

(d)   On or about March 16, 2017, I applied for a posted Manufacturing Methods Engineer position at Respondent.  I was qualified for the position, based on my skills and experience.

(e)   On March 20, 2017, I was informed via email that Respondent was "considering other candidates for [the Manufacturing Methods Engineer] opening."

(f)   The discrimination and retaliation to which I have been and am subjected to by Respondent has caused me financial and emotional distress.

(g)   In or about January 2017, Respondent hired three (3) new Supervisors and promoted one (1) existing Supervisor to Manager.  Each of these four (4) high-level employees that Respondent hired or promoted are Caucasian.  I believe that most, if not all, are younger than me.  To the best of my knowledge, none have made complaints of discrimination.

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party – *AvXL*

B.   1.   Respondent's Stated Reasons

    (a)   Respondent has not offered any explanation for discriminating against me because of my age and race.

    (b)   Respondent has not offered any explanation for retaliating against me after I filed a Charge of Discrimination with the EEOC.

    (c)   Respondent has not offered any legitimate explanation for failing to hire me for any of the position for which I applied after filing an EEOC Charge of Discrimination.

C.   1.   Statutes and Bases for Allegations

    I believe that Respondent has discriminated against me based on my age (59) and race (African American), and retaliated against me because of my complaints about discriminatory conduct in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD") as set forth herein. Respondent's discriminatory conduct is also in violation of 42 U.S.C. § 1981 ("Section 1981").

**CLASS CHARGE**

**I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondent who are age forty (40) and over, and who have been discriminated against based on age in connection with hiring, promotion, training, or termination decisions, and/or have been subjected to a hostile work environment, and/or have been retaliated against for complaints of discriminatory conduct.**

# EXHIBIT 3

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Alvin Harrison**

~~████████████████~~
**Williamstown, NJ 08094**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2017-00404** | **Legal Unit** | **(215) 440-2828** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Spencer H. Lewis, Jr.,
**District Director**

6/27/17
*(Date Mailed)*

Enclosures(s)

cc: **Tamika R. Nordstrom**
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
**230 Peachtree Street, N.W.**
**Suite 2400**
**Atlanta, GA 30303**

**Megan Knowlton Balne**
**CONSOLE LAW OFFICES**
**1525 Locust Street**
**9th Floor**
**Philadelphia, PA 19102**